CLARK v. CHILTON PAINT CO.

(Supreme Court, Appellate Term.　June 30, 1908.)

PRINCIPAL AND AGENT—ACTIONS FOR SERVICES—EVIDENCE—SUFFICIENCY.
　　In an action by an agent for commissions for services, evidence *held* to sustain a verdict for plaintiff.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 237.]
　　MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Percy Clark against the Chilton Paint Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Rounds, Hatch, Dillingham & Debevoise (Thomas M. Debevoise and Francis E. Neagle, of counsel), for appellant.

Kearny & Davis (Thomas Kearny and Pierpont Davis, of counsel), for respondent.

GILDERSLEEVE, P. J.　The evidence of the plaintiff, which the court had a right to believe, shows that plaintiff was hired by defendant to introduce defendant to the naval authorities, and defendant agreed to pay a commission on all sales resulting from such introduction, and that certain sales did so result. Defendant admits employing plaintiff, but claims that plaintiff had to render additional services besides such introduction. The court gave judgment for plaintiff, and the defendant appeals. The issue is essentially a question of fact, with sufficient evidence to support the conclusion of the trial justice. The errors of law are not so serious as to call for a reversal.

Judgment affirmed, with costs.

SEABURY, J., concurs.

MacLEAN, J. (dissenting).　The plaintiff, according to a letter introduced by himself, was to have a commission upon paints sold to the United States Navy Department through his agency; i. e., the performance of business intrusted to him by his principal, in this instance, as he described it, procuring a substantial business advantage to the defendant, his employer. What he did, after professions of power and influence, was to go with a salesman of the defendant to the house, in Washington, of a United States Senator who was not at home, to another, "in neglige," who said that he could do nothing for him, and to the chairman of the Senate committee on naval affairs, so far as appears at their first meeting, who gave him a card laconically introducing him to the Assistant Secretary of the Navy, with "I do not know anything about the subject he is seeing you on." This card he carried to the Navy Department, where and when the salesman said he would like to see the Chief of Construction. They were told where to find the Chief, whom later they saw, still carrying the card, and

with whom the defendant's salesman had a conversation. The plaintiff said nothing about paints, or any matter of business, for thereof he knew nothing. The Chief of Construction said they had no money, but, on the suggestion of the salesman, would look at a ship painted with Chilton paint whenever it was in dry dock.

On that occurrence, in November, 1903, the plaintiff would have a commission on sales made through the defendant's own salesman to the Navy Department in May, 1906, over half a year after the salesman who went with the plaintiff to the department had left the defendant's employment. To get a judgment, which he could keep, for something else than a present, for a commission on agency, the plaintiff had actually to do something as agent, something more than visiting a public office, open to all the world at publicly appointed hours, and accosting the official head regularly accessible to all comers. It is not to be held or imagined that that visitation of the plaintiff would move or influence to the favor or disfavor of the defendant the distinguished and gallant officer upon whom was legally devolved the "care and preservation of ships in ordinary." It was once counted fatuous "to try to please the dean and chapter of St. Paul's by tickling the dome with a straw." How is to be counted trying to get money from a corporation by scraping the desk of a brevet admiral with a card upon which is writ that the writer knows nothing of the business?

The judgment should be reversed.